**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audra E. Hopkins,<br><br>          Plaintiff,<br><br>v.<br><br>Kilolo Kijakazi, Acting Commissioner of the Social Security Administration,<br><br>          Defendant. | No. CV-18-08129-PCT-DGC<br><br>**AMENDED ORDER** |

Plaintiff Audra Hopkins has made an application to the Court for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 26. No party requests oral argument, and the motion is fully briefed. Docs. 27, 30, 33. For reasons set forth below, the Court will grant the motion.

**I.      Background.**

On March 15, 2017, an administrative law judge ("ALJ") denied Plaintiff's application for social security benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Doc. 18 at 1. That denial became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *Id.* at 2.

Plaintiff brought an action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. On November 5, 2018, Plaintiff filed her opening brief and requested remand for an immediate award of benefits. Doc. 12. The Commissioner offered to remand for further proceedings on December 28, 2018. *See* Docs. 14 at 2; 27-2 at 4; 30 at 4. Plaintiff rejected

that offer. Docs. 27-2 at 5; 30 at 4. The Commissioner filed her response brief, requesting remand for further proceedings. Doc. 16. Plaintiff's opposed the Commissioner's position in the reply brief, arguing that remand was unnecessary and instead seeking an immediate award of benefits. Doc. 17. Because outstanding issues required resolution before a determination of disability could be made, the Court remanded the case for further proceedings. *See* Doc. 18 at 16. Plaintiff appealed (Doc. 20), and the Ninth Circuit affirmed (Doc. 24).

Plaintiff's attorney, Mark Caldwell, requests $12,693.49 in attorneys' fees. *See* Doc. 33 at 8. This includes $9,591.88 for time devoted to Plaintiff's appeal of the Commissioner's decision (Doc. 27-2 at 1-5), $2,175.65 for Plaintiff's opposition to the Commissioner's brief (Doc. 27-2 at 5), and $925.96 for the fee petition (Doc. 33 at 8).

## II.   Legal Standard.

Under the EAJA, the Court must award attorneys' fees to a prevailing party in "proceedings for judicial review of agency action . . . unless the [C]ourt finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). Under this provision, courts routinely award attorneys' fees to claimants who successfully challenge the Social Security Administration's denial of disability benefits. *See, e.g.*, *Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014).

## III.   Reasonableness of Fees.

The Commissioner "waives the right to argue substantial justification and does not contest that Plaintiff is entitled to reasonable EAJA fees." Doc. 30 at 2. The Commissioner instead argues that the Court should deduct 10.6 hours from Plaintiff's fee request because she rejected the Commissioner's offer to voluntarily remand and did not obtain all of the relief for which she argued. Doc. 30 at 2, 4-5. The Court does not agree.

First, a rejected offer to remand for further proceedings provides no reason to reduce a fee award. *See Gallagher v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05766-PHX-MTL, 2021 WL 2895288, at *3 (D. Ariz. July 9, 2021) ("[T]he Court will not reduce the award

merely because the Commissioner offered to remand the case."); *Long v. Colvin*, No. 13-CV-05716-SI, 2015 WL 3902160, at *2 (N.D. Cal. June 24, 2015). A plaintiff is "not obligated to stipulate to remand." *Wright v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04508-PHX-DLR, 2020 WL 6781308, at *1 (D. Ariz. Nov. 18, 2020) (citations omitted) (collecting cases).

Second, Plaintiff's opening brief requested remand without further administrative proceedings and, in the alternative, remand for further administrative proceedings. Doc. 12 at 22. Plaintiff argued that the ALJ erroneously rejected the opinion of Plaintiff's treating physician, Dr. Janikowski, and disregarded Plaintiff's symptom testimony. *Id.*

In response, the Commissioner asked the Court to remand the case for further proceedings. Doc. 16. Essentially, "[t]he Commissioner's [brief] was merely a concession that Plaintiff was entitled to a remand for further administrative proceedings, combined with an opposition to a remand for benefits." *McCormick v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01780-PHX-DWL, 2022 WL 3139936, at *3 (D. Ariz. Aug. 4, 2022). Plaintiff's reply urged the Court to remand for an immediate award of benefits and applied the credit-as-true standard to the facts. Doc. 17 at 6, 8.

The Court ultimately remanded for further proceedings with instructions to the ALJ to reevaluate Dr. Janikowski's medical opinion and Plaintiff's symptom testimony. Doc. 16. The Court's decision reflected a partial victory for Plaintiff. *McCormick*, 2022 WL 3139936, at *3 (rejecting, under similar circumstances, "[t]he Commissioner['s] attempts to recast the Court's order remanding for further proceedings as a win for the Commissioner" and noting "the victory [was] Plaintiff's, even though she didn't get everything she requested"). Moreover, courts in this circuit have acknowledged that "[i]f counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be encouraged to pursue that remedy." *Rogers v. Astrue*, No. 1:09-CV-02158-JLT, 2010 WL 4569058, at *3 (E.D. Cal. Nov. 3, 2010) (citations omitted); *see, e.g.*, *McCormick*, 2022 WL 3139936, at *3-4 (D. Ariz. Aug. 4, 2022); *Penrod v. Apfel*, 54 F. Supp. 2d 961, 963 (D. Ariz. 1999)

("It is of little, if any consequence that Plaintiff preferred summary judgment over remand. Material errors were made during administrative proceedings . . . . Plaintiff's reasons for seeking summary judgment and opposing remand were legally sound and not at all frivolous.").

The Court's decision not to award all of the relief Plaintiff requested does not change the fact that her appeal reversed an unfavorable outcome and produced new proceedings. "[A] plaintiff who has won substantial relief should not have her attorney's fees reduced simply because the district court did not adopt each contention raised." *Schwarz v. Sec'y of Health & Hum. Servs.*, 73 F.3d 895, 901 (9th Cir. 1995);   *see also Alvey v. Comm'r of Soc. Sec. Admin.*, No. CV-20-08105-PHX-SPL, 2022 WL 375848, at *6 (D. Ariz. Feb. 8, 2022) ("[J]ust because the Court rejects an argument does not mean the argument was unreasonable and that fees should be reduced."). The Court therefore will not reduce the fees requested by Plaintiff.[1]

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 26) is **granted** and Plaintiff is awarded **$12,693.49** pursuant to 28 U.S.C. § 2412.

**IT IS FURTHER ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727(b), the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 9th day of March, 2023.

David G. Campbell
Senior United States District Judge

---

[1] The Commissioner also requests that the Court find the time that Plaintiff's counsel spent "drafting a reply to [her] EAJA opposition" to be "unreasonable and non-compensable." Doc. 30 at 5. But "having prevailed entirely in the fees motion, Plaintiff is also entitled to the fees incurred in litigating it." *Latahotchee v. Comm'r of Soc. Sec. Admin.*, No. CV-19-05668-PHX-DWL, 2021 WL 3089117, at *4 (D. Ariz. July 22, 2021) (citations omitted).