**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Audra E. Hopkins,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-08129-PCT-DGC<br><br>**ORDER** |

Plaintiff Audra Hopkins sought judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security, which denied her claim for disability insurance benefits. Doc. 1. The Court issued an order reversing the decision and remanding the case for further administrative proceedings. Doc. 18. On remand, the Commissioner awarded Plaintiff past-due benefits. *See* Doc. 42-1.

Plaintiff's counsel, Mark Caldwell, has filed a motion for award of attorney's fees under 42 U.S.C. § 406(b). Doc. 41. The Commissioner does not oppose the motion. *See* Doc. 43. For reasons stated below, the Court will grant the motion and award attorney's fees in the amount of $13,174.50.

Section 406(b) calls for court review of contingent-fee arrangements as an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barhart*, 535 U.S. 789, 807 (2002); 42 U.S.C. § 406(b). "Congress has

provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within that boundary, a plaintiff's attorney must show that the fee sought is reasonable for the services rendered. *Id.* In assessing the reasonableness of a contingent-fee arrangement, a district court should consider the following factors: the character of the representation and whether such representation was substandard, the results achieved, delay attributable to the attorney, and whether the fee is in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

The fee agreement between Plaintiff and her counsel provides for a contingency fee of 25% of all past-due benefits awarded to Plaintiff. Doc. 42-2. The requested fee award of $13,174.50 does not exceed 25% of the past-due benefits Plaintiff received. *See* Docs. 42-1, 43 at 2. Counsel has submitted documentation showing that he performed 56.8 hours of billable work on this case. Doc. 42-3; *see Crawford*, 586 F.3d at 1151 ("As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent[.]"). The effective hourly rate is $231.94 ($13,174.50/56.8 hours). *See* Docs. 42 at 4, 43 at 2.

Applying *Gisbrecht*'s reasonableness test, the Court finds that Plaintiff's counsel has met his burden of demonstrating that the requested fee award is reasonable. There is no indication of substandard representation and the disability benefits counsel obtained for Plaintiff were considerable. Nor was there any notable delay in the progress of the case attributable to counsel. Counsel has substantial experience in the practice of Social Security disability law and his opening and reply briefs were tailored to the specific issues in Plaintiff's case. *See* Docs. 12, 16.[1]

The Court is also mindful that the 25% contingent fee awarded here is less than the standard contingent fee outside of the Social Security context, which often exceeds 30%, and that attorneys such as counsel assume a risk of not getting paid by working on a

---

[1] *Compare Davis v. Astrue*, No. 07-6352-PK, 2010 WL 2720732, at *5 (D. Or. July 7, 2010) (adjusting attorney fee downward after commenting on the simplicity of the case and counsel's anemic reply brief, which was fewer than four pages).

contingent basis.  The Court sees no reason to adjust downward from the 25% fee counsel and Plaintiff agreed upon at the outset of this case.  *See Crawford*, 586 F.3d at 1153 (noting that the court approved hourly rates of $519, $875, and $902); *Chisholm v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08010-PCT-JAT, 2022 WL 1569074, at *2 (D. Ariz. May 18, 2022) (approving effective hourly rate of $826 and noting that the rate was "in line with effective hourly rates previously approved by the Ninth Circuit"); *Adam v. Kijakazi*, No. 2:17-cv-02087-EFB (SS), 2022 WL 3083737, at *2 (E.D. Cal. Aug. 3, 2022) (approving effective hourly rate of "about $900").

**IT IS ORDERED:**

1. Counsel's motion for award of attorney's fees (Doc. 41) is **granted** pursuant to 42 U.S.C. § 406(b).

2. Plaintiff's counsel is awarded **$13,174.50** in attorney's fees, to be paid out of the sums withheld by the Commissioner from Plaintiff's past-due benefits.  *See* Doc. 42 at 2.

3. Plaintiff's counsel shall reimburse Plaintiff the **$12,693.49** in fees previously paid by the government under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  *See* Docs. 39, 42 at 2.

Dated this 14th day of June, 2024.

David G. Campbell
Senior United States District Judge